## George W. Copley v. Wm. Robertson, Trustee, &c.

Whenever a judgment is susceptible of two interpretations, one of which is within the power of the judge and the other is not, the first must be preferred.

Where a judgment specifies that property to be sold by the sheriff shall be advertised, it will be presumed that it is to be advertised according to law.

If, after a sheriff's sale is made, but before the price is paid, the sheriff discovers that the property was not legally advertised, he may re-advertise and sell the property again, and the last purchaser will be entitled to the property.

APPEAL from the District Court of Madison, *Richardson*, J. *Stockton* and *Steele*, for plaintiff. *Stacey* and *Sparrow*, for defendant. The judgment of the court was pronounced by

Rost, J. This was originally an action of partition in which the following judgment was rendered : " By reason of the law and the evidence, it is ordered that the property described, to wit : Lot or Fractional Section No. 20, in Township No. 16, of Range No. 12 East, fronting on the Round-away Bayou, in the parish of Madison, be sold for cash to effect a partition, and that the sheriff divide the price equally between the plaintiff and defendant, after paying all costs out of the same ; and that the sheriff be furnished with a copy of this judgment as his authority to sell the same, after giving thiry days' advertisement, at the courthouse door. Done and signed in open court, this 23d October, 1849.

Under this judgment, the land was advertised during thirty days by an advertisement put up on the courthouse door ; and at the sale which followed, the plaintiff, *Copley*, by his agent, *James M. Wilkinson*, became the purchaser for the price of $1000. But before the price was paid, and the sheriff's deed executed, the defendant protested against the sale, on the ground, among others, that it had not been advertised in the newspapers, as required by law ; that he had no notice of it, and had been taken by surprise. The sheriff, being convinced of his error, re-advertised the land in the manner prescribed by law ; and at the second sale, the agent of the plaintiff and the defendant bid against each other, and the land was finally adjudicated to the defendant for fifteen hundred dollars, which sum was paid to the sheriff, and a deed executed by him to the purchaser. After the sale, *Wilkinson*, still pretending to act as agent, demanded *Copley's* half of the price, but afterwards refused to receive it. *Copley* subsequently took a rule upon the defendant, to show cause why the second adjudication should not be set aside, and the first declared valid.

The defendant excepted to the rule, on the ground that he was in actual possession of the land under a valid title, and for a valuable consideration paid by him ; and that the only remedy of the plaintiff was a petitory action ; and, in case the exception was overruled, he pleaded the want of advertisement in the first sale, and other informalities, which it is not necessary to notice. The court overruled the exception, and after trial on the merits, made the rule absolute.

The plaintiff contends, that the judgment prescribes the manner in which the property is to be advertised, and that the legal mode of advertising must be presumed to have been dispensed with. We think this is an error. Judgments, like other acts, must receive a reasonable interpretation, and whenever a judg-

ment is susceptible of two interpretations, one of which is within the power of the judge, and the other would exceed it, the first must be preferred. There was no consent of the parties that the legal mode of advertising should be dispensed with, and the judge was without authority to alter or modify it. We are satisfied he had no intention of doing so. That portion of the decree relied on by the plaintiff meant nothing more than that after thirty days' advertisement, the sale should be made at the courthouse door, as is the custom in the country parishes. The expression *on the courthouse door*, instead of *at the court-house door*, would no doubt have been used if the mode of advertising contended for by the plaintiff, had been intended. There having been no sale for want of advertisement, the sheriff was authorized in re-advertising the property; and as the second sale appears to have been formal, the defendant's title must prevail.

It was urged in argument, by the plaintiff's counsel, that no authority had been shown in *Wilkinson* to bid for him at the second sale, or to demand his share of the price. The view we have taken renders a decision of this question unnecessary.

The case being with the defendant, we have deemed it best to decide it without passing upon his exception. But we incline to the opinion, that it should have been sustained, and the plaintiff left to his remedy in a petitory action. The defendant should not have been deprived of the advantage which his possession gave him as defendant, or of a trial by jury, if he wished to resort to it.

The premises considered, it is ordered, that the judgment in this case be reversed. It is further ordered, that the adjudication of Fractional Section No. 20, in Township No. 16, Range No. 12 East, to *William Robertson*, made by the sheriff on the 2d day of February, 1850, and the deed made thereon be sustained and held valid; and that the rule taken by the plaintiff be discharged, with costs in both courts.