## UNITED STATES v. CUSHMAN.
### No. 10262.

Circuit Court of Appeals, Ninth Circuit.
June 29, 1943.

Francis M. Shea, Asst. Atty. Gen., Lester P. Schoene, Director, Bureau of War Risk

Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to the Atty. Gen., Fendall Marbury and Keith L. Seegmiller, Attys. Department of Justice, both of Washington, D. C., and Leo V. Silverstein, U. S. Atty., and Daniel Dillon, Atty., Department of Justice, both of Los Angeles, Cal., for appellant.

Sloane & Steiner, of San Diego, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

Upon his application dated February 3, 1932, Government life insurance of $10,000 (policy No. K–916122) was granted to William Reynolds Cushman under § 310 of the World War Veterans' Act, 1924, as amended, 38 U.S.C.A. § 512a. The policy was issued on the five-year convertible term plan. It was converted into a twenty-payment life policy on January 1, 1937. The insurance was payable in monthly installments of $57.50 in the event of Cushman's death or total permanent disability. Asserting that he had become totally and permanently disabled, Cushman claimed the insurance on February 11, 1939. The Administrator of Veterans' Affairs denied the claim. Cushman brought an action on the claim against appellant, the United States, under § 19 of the Act, as amended, 38 U.S.C.A. § 445. Appellant answered, jury trial was waived and the case was tried by the court without a jury. Findings of fact and conclusions of law were stated, and judgment was entered in Cushman's favor. From that judgment this appeal is prosecuted.[1]

There are two specifications of error.[2] The first is that "the trial court erred in denying defendant's [appellant's] motion for judgment for the reason that defendant by affirmative, substantial evidence, established as a matter of law that the insurance policy sued upon had been obtained by fraudulent misrepresentations made by the insured [Cushman] in his application to the defendant for said insurance." No issue of fraud was raised by the pleadings, but, on the day before the trial was commenced, appellant requested leave to file an amended answer alleging:

"That the insured herein, William R. Cushman, on to-wit, February 3, 1932, made an application for Government life insurance herein sued upon in the amount of $10,000.00; that in said application the insured denied that he had ever been treated for any diseases of brain or nerves, throat or lungs, heart or blood vessels, stomach, liver, intestines, kidney or bladder, genito-urinary organs, skin, glands, ear or eye, or bones; he denied in said application that he had ever been ill, or contracted any disease, or suffered any injury, or been prevented by reason of ill health from attending his usual occupation, or consulted a physician in regard to his health since the date of his discharge; that said denials and other representations made in said application dated February 3, 1932, which application is made a part hereof, are false and were made by the insured fraudulently for the purpose of inducing defendant to enter into the contract of insurance sued upon herein; that the said fraudulent representations are representations of material facts upon which the defendant relied in entering into the contract of insurance with the insured herein; that had this defendant known at the time of entering into said contract of insurance the true facts with respect to veteran's physical condition, the defendant would not have granted to the insured the said contract of insurance in the amount of $10,000.00, or any other amount; that by reasons of said fraudulent representations the contract of insurance in the sum of $10,000.00, herein sued upon, is null and void and of no effect whatever."

The application mentioned in the proposed amended answer was on a printed form. It consisted, in part, of questions and answers. The questions were printed, being part of the form. The answers were written or typed in spaces left for that purpose. The pertinent questions and answers were as follows:

"26. Have you ever been treated for any disease of brain or nerves No, throat or lungs No, heart or blood vessels No, stomach, liver, intestines No, kidney or

---

[1] Cushman having died since the appeal was taken, his executrix, Elinor Close Cushman, was substituted as appellee.

[2] Our Rule 20 provides that "Counsel for the appellant shall file with the clerk of this court 20 copies of a printed brief," and that "This brief shall contain * * * a specification of errors relied upon which shall be numbered and shall set out separately and particularly each error intended to be urged."

bladder No, genito-urinary organs No, skin No, glands No, ear or eye No, bones No. (Answer each 'Yes' or 'No.' If 'Yes,' describe fully and give dates).

"27. Have you been ill, contracted any disease, or suffered any injury, or been prevented by reason of ill health from attending your usual occupation, or consulted a physician in regard to your health, since date of discharge?[3] (Answer 'Yes' or 'No'). No. If so, give dates and full particulars, including the name and address of physician."

■ Leave to file the proposed amended answer was denied. At the trial, however, the application mentioned in the proposed amended answer was admitted in evidence without objection. There was also admitted without objection evidence that some of the foregoing answers were false. Thus the issue of fraud, though not raised by the pleadings, was tried by implied consent of the parties. Accordingly, and properly, the court treated that issue as if it had been raised by the pleadings.[4]

■ At the close of all the evidence appellant moved for judgment on the ground that the evidence established conclusively that the foregoing answers were false and were made "for the single purpose of defrauding [appellant] in obtaining this insurance." Before ruling on the motion, it was the duty of the court to make and state its findings of fact.[5] The court performed that duty. On the issue of fraud, its findings were:

"That upon his written application for the original policy plaintiff [Cushman] made answers to certain questions[6] respecting his physical condition and history of past medical attendance which were false, but such answers were not made with intent on the part of plaintiff to defraud; that thereafter defendant [appellant] was fully informed of the true facts relating to such answers and, being fully advised of such initial falsity and of the actual facts, elected to treat such policy as continuing in full force and effect. Thereafter and continuing to the time of the trial of this action, defendant continued to accept from plaintiff monthly premiums upon such policy; that defendant has not repaid or tendered to plaintiff such premiums or any part thereof."

■ Appellant could have specified these findings as error[7] and could thereby have raised the question of the sufficiency of the evidence to support the findings, but has not done so. We nevertheless have examined the evidence and have satisfied ourselves that it does support the findings, that the findings are not clearly erroneous, and that therefore we ought not to set them aside.[8] Upon the facts found, the motion for judgment was properly denied. Cf. Moulor v. American Life Ins. Co., 111 U.S. 335, 338–346, 4 S.Ct. 466, 28 L.Ed. 447; Phoenix Mutual Life Ins. Co. v. Raddin, 120 U.S. 183, 186–193, 7 S.Ct. 500, 30 L.Ed. 644; Northwestern Mutual Life Ins. Co. v. Wiggins, 9 Cir., 15 F.2d 646; Northern Life Ins. Co. v. King, 9 Cir., 53 F.2d 613, 615–617; Ocean Accident & Guaranty Corp. v. Rubin, 9 Cir., 73 F.2d 157, 161–166, 96 A.L.R. 412.

■ The second specification is that "the trial court erred in ordering judgment." This is not a proper specification of error. It does not set out particularly, or at all, the error, if any, intended to be urged.[9] It specifies nothing, presents nothing for review.

Judgment affirmed.

---

[3] November 7, 1923.

[4] Rule 15(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following § 723c, provides: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."

[5] Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following § 723c, provides: "In all actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment. * * * Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

[6] The findings did not indicate which of the answers the court thought were false. Neither party sought a clarification of the findings.

[7] See footnote 2.

[8] See footnote 5.

[9] See footnote 2.