**233 P.2d 442**

**ETZ et ux. v. MAMEROW.**

**No. 5279.**

Supreme Court of Arizona.

July 2, 1951.

Rehearing Denied Sept. 25, 1951.

Gust, Rosenfeld, Divelbess, Robinette & Linton, of Phoenix for appellants.

W. F. Dains, Curtis E. Weland, of Phoenix for appellee.

PHELPS, Justice.

This is an appeal from the judgment of the trial court and from an order denying appellant's motion for a new trial.

The cause was tried to the court without a jury upon a complaint to quiet title which must be construed under the evidence presented by plaintiff-appellee as being intended to state a claim of title by adverse possession against defendants-appellants to a strip of land three feet wide lying north of the north boundary line of Lot 10, Norma Place in Phoenix. The parties will be hereinafter referred to as plaintiff and defendants as they appeared in the trial court.

The pleadings are a bit confusing, in that, they allege that plaintiff is the owner in fee simple of Lot 10, Norma Place, according to the map or plat thereof, etc., and that the north boundary line of Lot 10 is three feet north of what defendants now claim is the north boundary line thereof along which they constructed the fence in question. Plaintiff alleges that up to September 25, 1948, she and her predecessors in interest had been in actual, open, exclusive and notorious possession of Lot 10 under a claim of right as against defendants (owners of Lot 12) and all the world during that period, exercising dominion over it and enjoying and using the same. (Incidentally the evidence shows plaintiff has owned and been in possession of Lot 10 since 1925 or 1926). She further alleges defendants claim some interest in this three-foot strip of land and that such claim is without right or foundation and they have no estate, right, title or interest therein.

In her first cause of action she asked that defendants and each of them be barred and forever estopped from having or claiming any right or title to said strip of land.

In her second cause of action she reincorporates the above allegations therein and further alleges that defendants, without her consent and over her protest, wrongfully and unlawfully entered and trespassed upon the three-foot strip of land on the north side of her premises and built a fence thereon which obstructs the ingress and egress of her tenants to her apartments located along the north boundary line of Lot 10. She asked damages therefor and for the removal of the fence and restoration of said land to her. Defendants denied all of the above allegations except that they claim title to the three-foot strip of land in question.

At the close of all of the evidence the court took the matter under advisement and thereafter entered judgment in favor of plaintiff and against defendants and each of them, finding that plaintiff is the owner of Lot 10, the north line of which is es-

tablished by the survey of Lot 12 on September 2, 1948, by F. N. Holmquist, acting for defendants Etz. This survey established the boundary line between Lots 10 and 12 to be along the line upon which defendants constructed the fence here involved and which approximately coincides with the original survey as shown by the map or plat of Norma Place. The judgment further found defendants to be the owners of Lot 12. It then found that plaintiff and her predecessors in interest had used a part of Lot 12, Norma Place, three feet wide lying north of the entire boundary line of Lot 10 for a period of more than 20 years and concluded as a matter of law that plaintiff had acquired an easement for the use of said strip of land. The court thereupon entered its order and decree establishing an easement in favor of plaintiff for the use of the three-foot strip of land on Lot 12 of Norma Place lying north of the north boundary line of Lot 10 extending along the entire length of said lots.

On her second cause of action judgment was entered against defendants ordering and directing them to remove the fence now encroaching upon said easement and for her costs.

No request was made to the court by plaintiff to amend her pleadings to conform to the evidence and as hereinafter pointed out, there is nothing in the record to indicate that the case was tried on any other theory than that of attempting to acquire title to the strip of land in question by adverse possession.

Defendants have presented five assignments of error for our consideration, all of which are directly or indirectly based upon the ground that the judgment rendered by the court was not within the issues raised by the pleading and is foreign to the theory upon which the case was tried.

We agree with this contention. As above stated the pleadings, if literally construed, would indicate that plaintiff was merely seeking to establish the true boundary line between Lots 10 and 12, Norma Place, according to the map or plat thereof to be three feet north of the line along which the newly constructed fence was located and to prevent defendants from further trespassing upon Lot 10 as fixed by the map or plat of Norma Place. This interpretation of the pleadings, however, was refuted by counsel for plaintiff during the trial.

The court asked counsel for plaintiff the following question: "Is there any dispute about what the true survey is, is there a dispute about what the true survey will show?"

After some discussion Mr. Daines said: "We have no survey to introduce in evidence which will show the north boundary of our lot to be three feet north of the line claimed by Mr. Etz. The fact is the recent surveys made show, the probabilities are, the line which Mr. Etz claims is es-

tablished by the survey of Mr. Holmquist and also by Mr. Jones." (Mr. Jones made the survey for plaintiff).

Mr. Daines then said: " * * * The probabilities are the best survey that can be made will show the line not far from where Mr. Etz claims it is."

By this statement to the court counsel made it clear that so far as the evidence was concerned it would show that the fence was approximately on the true boundary line between Lots 10 and 12 as indicated by the map or plat of Norma Place.

Plaintiff, knowing that the three-foot strip of land was in fact on Lot 12, and having alleged that she had been in peaceable, open, notorious, exclusive and continuous possession of said strip of land under a claim of right against defendants and all of the world, exercising dominion and using and enjoying the same, makes the conclusion inescapable that she was seeking to establish not an easement upon, but title to the three-foot strip of land involved by adverse possession.

■ An allegation of exclusive possession is wholly inconsistent with the theory of establishing an easement. The right to possess, to use and to enjoy land upon which an easement is claimed remains in the owner of the fee except in so far as the exercise of such right is inconsistent with the purpose and character of the easement. Pinkerton v. Pritchard, 71 Ariz. 117, 223 P.2d 933; Langazo v. San Joaquin Light & Power Corp., 32 Cal.App.2d 678,

90 P.2d 825. An easement is a right which one person has to use the land of another for a specific purpose. Callan v. Walters, Tex.Civ.App., 190 S.W. 829. It is the right to use the land of another for a special purpose not inconsistent with a general property in the owner. It is distinguished from the occupation and enjoyment of the land itself. Wessels v. Colebank, 174 Ill. 618, 51 N.E. 639. It is only the use of the land which must be shown to be open, notorious and adverse in order to establish an easement thereon. Thus it will be seen that an action to establish an easement does not involve possession or occupation of the land. It does not involve the enjoyment of the premises except to the extent of the use claimed under the easement. It does not disturb the legal title of the premises except as it is limited by the character of the easement. It does not involve dominion over the premises except that which is necessary for the enjoyment of the use.

■ Defendants in their cross examination of plaintiff limited their inquiry to whether or not plaintiff had ever made any demand upon defendants to stay off the three-foot pathway. This was designed to show by plaintiff's own statement that she had never asserted her claim that she was in open, notorious, exclusive, and hostile possession of the premises. This was a proper question under the theory that plaintiff was claiming title to the strip in question by adverse possession but it was not a proper question if plaintiff was seeking

only to establish an easement to use it for ingress and egress to her apartments. As pointed out by defendants in their brief, had they been advised that plaintiff was seeking only to establish an easement to use the three-foot strip of land they would have been required to go into the question of whether plaintiff had ever asserted to defendants a lawful right to use such pathway adverse to defendants' use or ownership, or if she had indicated in any way that her use thereof was hostile to defendants' use and ownership. The evidence is in conflict as to whether there ever was a fence running along the line between Lots 10 and 12. Under all of the evidence, however, there has been no fence between these lots since 1935 which is far in excess of the prescriptive period. At no time has plaintiff stated to defendants that her use of the pathway was hostile or adverse to defendants under claim of right or otherwise.

We said in LaRue v. Kosich, 66 Ariz. 299, 187 P.2d 642, 646, that: "It is a recognized rule of law that where the use of a private way by a neighbor is by the express or implied permission of the owner, the continued use is not adverse and cannot ripen into a prescriptive right. (Citing cases.) The law raises no presumption that the use is under a claim of right. (Citing cases.)"

In 17 Am.Jur., Easements, Sec. 71, p. 980, it is stated: "The prevailing principle seems to be that while a way may be acquired by user or prescription by one person over the unenclosed land of another, mere use of the way for the required time is not, as a general rule, sufficient to give rise to the presumption of a grant. Hence, generally some circumstance or act in addition to, or in connection with, the use of the way, tending to indicate that the use of the way was not merely permissive is required to establish a right by prescription. * * *"

There is evidence in the record that in 1930 plaintiff placed concrete slabs along the pathway in the three-foot area some of which were 14 x 24 inches in size, to be used by her tenants in going to and from their apartments and the evidence further shows that the foot of the steps leading from the apartments in question are approximately on the boundary line between Lot 10 and 12 and that their enjoyment as such is, for all practical purposes destroyed by the construction of the fence on the true boundary line. These would be proper matters for consideration by the court under pleadings designed to establish an easement upon the strip in question. But whether these facts, standing alone, would be sufficient to establish such easement we express no opinion. We cannot agree with counsel for appellee that the proof would be the same in the establishment of an easement as in the establishment of title. We are fully aware of

our statement in the case of LaRue v. Kosich, supra, in which we stated: "The burden is upon the party who claims title by prescription to clearly prove by competent evidence all the elements essential to such title. The user must have been adverse to the true owner, and hostile to his title. It must have been actual, continued, open, and under a claim of right. It must have all the elements necessary to acquire title by adverse possession."

But as pointed out above it is only the use to which the premises are put which must be shown to be adverse, open and notorious. To the extent that the use is established, it, of course, is hostile to the title of the servient estate.

 We again reiterate what we said in Collison v. International Ins. Co., 58 Ariz. 156, 118 P.2d 445, 447, as follows: " * * * We think, however, that when the pleadings present affirmatively certain issues or limitations of issues, in order that we should hold the case was tried on any other theory, there must be some affirmative showing in the record that such was the fact, and that in the absence of such a showing the presumption is that the case was tried on the issues set forth in the pleadings only. * * * "

It is true that in the case last above cited the facts are entirely different from the facts in the instant case but the principle involved is identical. The record does not justify a judgment establishing an easement in this case.

Judgment reversed with directions to enter judgment in favor of defendants.

UDALL, C. J., and STANFORD, DE CONCINI and LA PRADE, JJ., concur.