236 P.2d 364

PAXTON et al. v. McDONALD.

No. 5234.

Supreme Court of Arizona.

Oct. 9, 1951.

380

Snell & Wilmer, of Phoenix, for appellants.

Herbert Mallamo, of Phoenix, for appellee. Leslie Parry, of Phoenix, of counsel.

PHELPS, Justice.

In granting the motion for rehearing in this case we are adopting the statement of facts in our original opinion, found in 72 Ariz. 240, 233 P.2d 450, and reaffirm the porton thereof adjudicating the issues alleged in the first cause of action between McDonald and Industrial Research, Inc. We are persuaded, however, that we misapprehended the action of the trial judge in denying appellee's motion to amend the complaint to conform with the evidence but, notwithstanding, found in favor of appellee on the issue sought to be incorporated in the complaint by amendment.

The court, twice during the trial, denied appellee's motion to amend his complaint to conform with the evidence to include an allegation that the spark plug type machine invented by Paxton was a partnership asset under the agreement between Paxton and McDonald.

The first motion was denied upon the objection of appellant, upon the ground, in substance, that depositions had been taken within ten days previous to the trial and counsel for appellee had not exercised due diligence with respect to such amendment.

The second motion to amend was denied in the following language: "At this time I wouldn't permit it. I am not saying for sure I won't some time, but not now." And at the close of all the evidence appellee again renewed his motion to amend upon the ground " * * * that the proof in the matter shows conclusively that it was the intention of the parties, Paxton and McDonald, to include other machines in this invention, and that whether or not other machines were included—" The court, interrupting, said: "Of course that is something that is on an issue the jury doesn't have to decide anyway. That isn't a matter that we are submitting to the jury anyhow. I will take that matter under advisement. We won't change the issues on the first cause of action. I am not saying I won't permit you to on the second, if I try the second cause of action. So, with that situation there is nothing to submit except the partnership. * * *"

When the agreement assigning the spark plug machine to Industrial Research, Inc., was offered counsel for appellants objected that it was immaterial but might properly have some materiality on the second cause of action. This objection was overruled.

The assignment could only be material if the court found the spark plug type machine to be a partnership asset. We are unable to understand the theory of either the court or counsel on just what was necessary to be shown in establishing a partnership relation between Paxton and McDonald. If it was only intended to establish that some kind of a partnership relation existed between them without establishing its scope and purpose, the nature of the business to be conducted, and what each partner was to contribute to the partnership assets, their share in the profits and losses, etc., then of course it was not necessary that appellee establish that the spark plug type machine was a partnership asset. If this were true it would likewise be unnecessary to establish the fact that the diaphragm type machine was a partnership asset, or to establish the character of any of its assets or of the business in which it was to engage.

We are of the view that to establish such relation *the entire partnership agreement should have been shown* including the portion thereof relating to the spark plug type machine. Such evidence was necessary in order to establish a basis for an accounting on the second cause of action. Therefore, as stated in our original opinion, the motion to amend the complaint to conform to the evidence should have been granted as a matter of record, as the evidence was undisputed on that point.

The trial court indicated in its ruling both on the second motion to amend and at the close of the case that it may permit an amendment of the pleadings to include the spark plug type machine as a partnership asset (properly holding that the issue was a question for the court to determine) finally stating that: "We won't change the first cause of action. I am not saying I won't permit you to on the second. * * *" However, the court, in rendering its judgment on the first cause of action found and adjudged that the 25 shares of stock received by Paxton from Industrial Research, Inc., as a consideration for the assignment of the patent right to the spark plug type machine to it was a partnership asset. It necessarily had to find as a predicate, therefor, that the spark plug type machine was a partnership asset. In no other manner could it have reached the conclusion that the 25 shares of stock was a partnership asset.

The question of whether the spark plug type machine was a partnership asset was an issue as essential to the establishment of the partnership as any other portion of the partnership agreement.

We believe the question falls under the provisions of section 21–449, A.C.A.1939, Rules of Civil Procedure 15(b), relating to amendments to conform to the evidence.

In the case of United States v. Cushman, 9 Cir., 136 F.2d 815, 817, the court said: "Leave to file the proposed amended answer

was denied. At the trial, however, the application mentioned in the proposed amended answer was admitted in evidence without objection. There was also admitted without objection evidence that some of the foregoing answers were false. Thus the issue of fraud, though not raised by the pleadings, was tried by implied consent of the parties. Accordingly, and properly, the court treated that issue as if it had been raised by the pleadings."

And in Balabanoff v. Kellogg, 9 Cir., 118 F.2d 597, 599, the court in discussing Rule 15(b), Federal Rules of Civil Procedure, 28 U.S.C.A., which is identical with our Rule 15(b), supra, said: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; *but failure so to amend does not affect the result of the trial of these issues.*" (Emphasis supplied.)

█ We can reach no other conclusion than that the learned trial judge in finding and adjudging that the 25 shares of stock of Industrial Research (received by Paxton in consideration of the transfer to it by him of the right to patent the spark plug type machine) was a partnership asset, either treated the complaint as having been amended or reached the conclusion that the allegations without amendment were broad enough to support the judgment. Otherwise the judgment rendered by the trial court is ambiguous in that it limits the assets of the partnership to the diaphragm type machine and at the same time adjudges the consideration received for the spark plug type machine to be a partnership asset.

It is said in 49 C.J.S., Judgments, § 436, that:

"The legal operation and effect of a judgment must be ascertained by a construction and interpretation of its terms, * * *. If the language used in a judgment is ambiguous there is room for construction, * * *.

" * * * The intention of the court must be determined from all parts of the instrument, and words and clauses thereof should be construed according to their natural and legal import. The judgment must be read in its entirety, and it must be construed as a whole so as to bring all of its parts into harmony as far as this can be done by fair and reasonable interpretation and so as to give effect to every word and part, if possible, and too effectuate the obvious intention and purpose of the court, consistent with the provisions of the organic law.

*       *       *       *       *       *

"Doubtful or ambiguous judgments are to have a reasonable intendment to do justice and avoid wrong. Where a judgment is susceptible of two interpretations,

that one will be adopted which renders it the more reasonable, effective, and conclusive and which makes the judgment harmonize with the facts and law of the case and be such as ought to have been rendered. If possible, that construction will be adopted which will support the judgment, rather than one which will destroy it. All presumptions are in support of the judgment; nothing will be presumed against it.

"A judgment must be construed in light of the situation of the court, what was before it, and the accompanying circumstances. In cases of ambiguity or doubt the meaning of the judgment must be determined by that which preceded it and that which it was intended to execute."

Under the interpretation by federal courts of Rule 15(b), supra, we hold that the complaint will be deemed to have been amended to conform with the evidence that the judgment rendered thereon is valid, is supported by the evidence, and comports with justice as between Paxton and McDonald. This conclusion in nowise conflicts with Etz v. Mamerow, 72 Ariz. 228, 233 P. 2d 442, recently decided by this court.

Counsel for appellant further assigned as error the inclusion in the decision a discussion of the law involved in the second cause of action for the reason that it was not in issue on appeal. In this contention appellant is eminently correct. Its inclusion was wholly gratuitous and was justifiably rejected by appellant. It should be deleted and is hereby ordered stricken as surplusage.

Under the conclusion here reached the cost bill of appellee is approved as against Paxton and denied as against Industrial Research, Inc. The cost bill of Industrial Research, Inc., is disallowed. Certainly it is not allowable at this time. If appellee finally recovers a judgment in any amount whatever against Industrial Research, Inc., on his second cause of action it carries with it as a matter of right the recovery of all costs incurred.

Judgment, as modified, affirmed.

UDALL, C. J., and STANFORD, DE CONCINI and LA PRADE, JJ., concur.