426 P.2d 204

**ALBUQUERQUE NATIONAL BANK, a National Banking Corporation, Petitioner,**

**v.**

**The SECOND JUDICIAL DISTRICT COURT of the State of New Mexico, and Honorable E. T. Hensley, Jr., Judge of the Court of Appeals, Acting as District Judge of said District by Designation, Respondents.**

No. 8238.

Supreme Court of New Mexico.

April 10, 1967.

Kool & Kool, Albuquerque, for petitioner.

Rodey, Dickason, Sloan, Akin & Robb, James C. Ritchie, Robert G. McCorkle, Albuquerque, for respondents.

## OPINION

MOISE, Justice.

In an action wherein Anita C. Scheer sued Frank W. Scheer for divorce, the district court of Bernalillo County held Anita C. Scheer in contempt of court and ordered her property impounded to satisfy any judgment for damages which it might enter against her.

Petitioner is the trustee of the Anita C. Scheer Trust, of which Anita C. Scheer is the beneficiary. The property of the trust was attached, but thereafter the attachment was dissolved on motion of petitioner. Nevertheless, the court, in the same order, directed petitioner not to make any disbursements from the trust to the beneficiary. As authorized by Art. VI, Sec. 3, N. M.Const., and under Supreme Court Rule 24(7) (§ 21–2–1(24) (7), N.M.S.A.1953) we issued our writ of certiorari to the district court to review the action.

We are here called on to determine if certiorari is an appropriate remedy and, if so, whether the trial court proceeded without jurisdiction, in excess of its jurisdiction, or abused its discretion, as claimed by petitioners. In Morris v. Apodaca, 66 N.M. 421, 349 P.2d 335 (1960) we recognized that certiorari will generally lie "in two classes of cases, (1) whenever it is shown that the inferior court or tribunal has exceeded its jurisdiction; (2) whenever it is shown that the inferior court or tribunal has proceeded illegally, and no appeal is allowed or other mode provided for reviewing its proceedings."

The record discloses that petitioner was not a party to the proceeding in Scheer v. Scheer, in the district court of Bernalillo County, except that prior to having the writ of attachment served upon it, two writs of garnishment had been served, both of which it had duly answered. Respondent, without supporting authority, argues that petitioner having been served, and having answered as garnishee, the court thereby acquired jurisdiction over it and, thereafter, when

the attachment was dissolved, this jurisdiction would continue and would support the order here being attacked.

The argument advanced is generally that § 26–1–17(III), N.M.S.A.1953, which provides for the manner of serving writs of attachment, provides for summoning as "a garnishee" a person in whose hands personal property of various kinds being attached may be found. If we concede, for the sake of argument, that this may be true, what is the situation which exists when the writ has been discharged? Certainly, the right to order the garnishee to perform or desist from performing any particular act would seem to be thereby terminated. Neither do we perceive how the fact that petitioner is in court on other garnishments can furnish any support for orders apart from those garnishments.

What we have said is, to our minds, true as to the jurisdiction obtained over petitioner by the attachment. When it was dissolved, the right of the court to control petitioner or the property being administered by it terminated for all purposes. The cases cited and relied on by respondent all involve the right of the court to reach by attachment property held in trust, and to acquire jurisdiction over trustees. We are not here concerned with the question whether the attachment was properly dissolved. The fact is that dissolved it was, and the effect of this action was to terminate the court's jurisdiction over the res and over the petitioner.

In Elwess v. Elwess, 73 N.M. 400, 389 P.2d 7 (1964), we stated that "The word 'jurisdiction' is a term of large and comprehensive import." We have also had occasion to observe situations arise in cases where a court has jurisdiction both of the parties and subject matter, but its action is in excess of that jurisdiction. See State ex rel. Miller v. Tackett, 68 N.M. 318, 361 P.2d 724 (1961). Also, compare State ex rel. Kermac Nuclear Fuels Corp. v. Larrazolo, 70 N.M. 475, 375 P.2d 118 (1962), and State ex rel. State Tax Commission v. First Judicial District Court, 69 N.M. 295, 366 P.2d 143 (1961). If the court had not dissolved the attachment, we would have had one type of situation. However, having dissolved the attachment, by what theory did it have jurisdiction to enter an order such as it here attempted? The order was necessarily incidental to the writ of attachment. When the writ of attachment was dissolved, any other order arising out of the proceeding would likewise be without effect inasmuch as the trial court had no further jurisdiction. South Street Lumber Co. v. Dickerson, 235 La. 1062, 106 So.2d 513 (1958). The legal effect of quashing the writ was that the plaintiff took nothing by it. The result was no different from that which follows a non-suit. Jaudel v. Schoelzke, 95 N.J.L. 171, 112 A. 328 (1920); Landy v. Lesavoy, 20 N.J. 170, 119 A.2d 11

(1955); 6 Am.Jur.2d, Attachment, § 443; 7 C.J.S. Attachment § 470.

A very interesting and comparable situation was present in the case of Federal Land Bank of Omaha v. Jefferson, 229 Iowa 1054, 295 N.W. 855, 132 A.L.R. 1282 (1941). That was a case wherein an action in rem, aided by attachment and levy, was brought to collect a deficiency judgment obtained in a mortgage foreclosure. A demurrer of defendants was sustained, and plaintiff elected to stand on its demurrer, whereupon the petition was dismissed and plaintiff appealed. The question presented and disposed of by the court concerned the status of the litigation when an appeal had not been taken in two days, as required by the statute in order to preserve the attachment lien. Plaintiff conceded its lien was lost, but argued its right to appeal. The court agreed with defendants' contention that the attachment lien having been lost, jurisdiction of the subject matter was lost, and no cause of action remained for determination on appeal. We quote the following language of the Iowa Supreme Court:

"* * * We are disposed to the view and hold that appellees' contention is well grounded, that the preservation of the lien was necessary to preserve jurisdiction of the subject matter of the litigation, the extinguishment of the lien ended the jurisdiction of the court over the subject matter of this litigation and, accordingly, there is nothing before us to be determined. Jurisdiction was originally secured through the levy of a writ of attachment against certain real estate in Pottawattamie County. Following such levy, however, the defendants entered general appearances. The court thereby secured jurisdiction of the person of each defendant herein. Appellant contends that, since the court has jurisdiction of the defendants, the loss of the attachment lien does not deprive the court of jurisdiction herein. However, it is necessary not only for the court to have jurisdiction of the parties, but also jurisdiction of the subject matter, and even though the court has jurisdiction of the parties, if it has no jurisdiction of the subject matter, it has nothing before it to determine. Schulte v. Great Lakes Forwarding Corp., 228 Iowa 1012, 291 N.W. 158."

We do not consider whether an in personam order could have been entered here against petitioner. Our rule concerning the effect of the prayer in a petition differs from that in Iowa. See Chavez v. Potter, 58 N.M. 662, 274 P.2d 308 (1954). However, the proceeding wherein petitioner was involved was an attachment proceeding brought under our attachment statutes set forth in §§ 26-1-1 to 26-1-44, N.M.S.A. 1953. We see no provision in these sections for an order such as was here entered in the event a writ of attachment is dissolved. The action wherein petitioner was summoned having been in attachment, and

in rem,—the writ having been dissolved and no appeal taken from the court's action in dissolving it, jurisdiction of the res was lost and no jurisdiction existed to support the order here complained of. Rosser v. Rosser, 42 N.M. 360, 78 P.2d 1110 (1938), as noted in Federal Land Bank of Omaha v. Jefferson, supra, is of interest but not in point. Clark v. Clark, 202 Ind. 104, 172 N.E. 124 (1930), cited by respondent, furnishes no support to its position, the proceedings there being in rem and specifically provided for by statute. Neither is Tuttle v. Gunderson, 341 Ill. 36, 173 N.E. 175 (1930) any aid since the court there did not decide the issue, it having become moot through the death of the debtor, beneficiary under the trust.

We note Bourgeious v. Santa Fe Trail Stages, 43 N.M. 453, 95 P.2d 204 (1939), cited by both parties. This case discusses at some length the requirements of service of notice in order that a court may acquire jurisdiction. It in no way discusses the effect of entering an order as was done here, while at the same time dissolving the writ of attachment.

■■ We are impressed that the action of the trial court whereby it attempted to direct petitioner with reference to disbursements, even though the attachment had been dissolved, was without jurisdiction or in excess of the court's jurisdiction. Further, this is a case where the remedy of certiorari will lie under the rule as announced in Mor-

ris v. Apodaca, supra, and petitioner proceeded properly. Compare State ex rel. Stewart v. Blair, 357 Mo. 287, 208 S.W.2d 268 (1948); Hargraves v. Hamilton Nat. Bank, 27 Tenn.App. 655, 184 S.W.2d 397 (1944). We have not overlooked respondent's argument that Anita C. Scheer is the real party in interest and, since she has been held in contempt of court and the appeal is intended to avoid the penalty invoked below, we should refuse to entertain the writ. Whatever may be the merits to this approach in a proper case, see 49 A.L. R.2d 1425 (1956), we are not convinced that it should be applied in a case where a court has exceeded its jurisdiction in an effort to enforce a penalty imposed in the contempt proceeding. No case has been called to our attention where such a rule has been followed under circumstances comparable to those here present.

The writ heretofore issued is made permanent.

It is so ordered.

CHAVEZ, C. J., and COMPTON and CARMODY, JJ., concur.

WOOD, Judge, Court of Appeals (Dissenting).

Jurisdiction of the court in this case is based on the attachment. But was the attachment dissolved? The order reads:

"ORDERED that the writ of attachment previously served upon the Albu-

querque National Bank on May 6, 1966, directed to that certain trust held and managed by the Albuquerque National Bank, Trust Department, as Trustee, known as the 'Anita C. Scheer Trust', be, and the same hereby is, dissolved.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Albuquerque National Bank, as Trustee, of the 'Anita C. Scheer Trust', be, and it hereby is, directed to make no disbursements from the Trust, income, or corpus, to the plaintiff, Anita C. Scheer, as beneficiary, until the further Order of this Court."

If the first quoted paragraph stood alone, there would be no question that the attachment was dissolved and that jurisdiction based on that attachment was lost. However, it does not stand alone. The order must be read in its entirety so as to give effect to all of its terms, if possible. Paxton v. McDonald, 72 Ariz. 378, 236 P.2d 364 (1951); Hubble v. Cache County Drainage District No. 3, 123 Utah 405, 259 P.2d 893 (1953). When the first paragraph is read in light of the second paragraph, the order becomes ambiguous—how does the second paragraph relate to the first?

The language used being ambiguous, the order must be construed. Paxton v. McDonald, supra; Hollingsworth v. Hicks, 57 N.M. 336, 258 P.2d 724 (1953).

The function of the process of construction is to determine the intention and meaning of the author of the judgment or other instrument. Hollingsworth v. Hicks, supra.

In determining the intention, all parts of the order are to be construed. Paxton v. McDonald, supra. No particular part or clause is to be seized upon and given the power to destroy the remainder if such effect can be avoided. Application of Gideon, 157 Cal.App.2d 133, 320 P.2d 599 (1958). In construing the order, it will be presumed that the court intended its order to be valid. Seely v. Seely, 348 P.2d 1064 (Okl.1959). If a reasonable construction can be had which will give force to all of the wording of the order, such a construction should be made. Hubble v. Cache County Drainage District No. 3, supra. The order's meaning must be determined by that which preceded it and that which it was intended to execute. Paxton v. McDonald, supra.

Prior to the order under consideration, Anita C. Scheer was found to be in contempt of court. The trial court directed that a warrant be issued for her arrest and ordered that her property be impounded to satisfy any judgment for damages which might be entered against her based on the contempt. Two writs of garnishment were issued, followed by the writ of attachment here involved. While the motion to dismiss the writ of attachment was pending, Frank W. Scheer was awarded a judgment of

$5,428.62 against Anita C. Scheer for damages, expenses and costs incurred as a direct result of her contempt. The record does not show that the judgment has been satisfied.

Anita C. Scheer is the beneficiary of the trust that had been attached; she is the one in contempt of court and the person owing an unpaid money judgment. The writ of attachment brought the trust before the Court.

In the light of these proceedings, can it be said that the trial court intended to divest itself of all jurisdiction based on the attachment? Or was it to dissolve the attachment except to the extent provided in the second paragraph? In our opinion, it was the latter; otherwise, the second paragraph is meaningless.

In our opinion, the court intended to retain the attachment to the extent of preventing disbursements from the trust to Anita C. Scheer. Beyond that, the attachment was dissolved. The trial court could do this under § 26–1–23, N.M.S.A.1953. Such a construction is consistent with the rules set forth above. Such a construction gives meaning to the entire order and is reasonable in light of that which preceded the order. Such a construction does not utilize the first paragraph to destroy the effect of the second paragraph.

Orders, like judgments, must receive a reasonable interpretation. Whenever a judgment is susceptible of two interpretations, one of which is in the power of the court and the other would exceed it, the first must be preferred. Copley v. Robertson, 6 La.Ann. 181 (1851). This rule is applicable to the trial court's order. Because the majority opinion does not construe the order, but applies only the first paragraph of the order, I dissent.