591 P.2d 1302

**TITLE INSURANCE COMPANY OF MINNESOTA, a Minnesota Corporation, Appellant,**

v.

**ACUMEN TRADING CO., INC., formerly known as Recreation Leisure Land Corporation, a Delaware Corporation, Appellee.**

No. 13940.

Supreme Court of Arizona, In Banc.

March 6, 1979.

Leibsohn, Eaton, Gooding & Romley, P. C. by Mark S. Dickerson, Phoenix, for appellant.

Corbet & Eagleburger by G. Gregory Eagleburger, Phoenix, for appellee.

GORDON, Justice:

Appellant, Title Insurance Company of Minnesota (Title Insurance), filed suit against Acumen Trading Company, Inc. (Acumen), alleging that the latter had breached the terms of a third party beneficiary contract and an oral agreement. Acumen filed a motion for summary judgment, which included a request for attorneys' fees, pursuant to A.R.S. § 12–341.01. Summary judgment was granted to Acumen on May 17, 1977, and was filed in written form on May 18, 1977. The judgment, prepared by Acumen, awarded Acumen its costs but failed to make any mention of attorneys' fees.

On May 17, 1977, Acumen filed a motion for an award of attorneys' fees, to which appellant responded on May 24, 1977. The motion was denied by the court in a minute entry on June 3, 1977. On June 22, 1977, Acumen filed a motion for new trial and re-award of attorneys' fees, pursuant to 16 A.R.S., Arizona Rules of Civil Procedure, rule 59.

The trial court granted Acumen's motion for a new trial on the issue of attorneys' fees. Title Insurance contends that Acumen's motion for a new trial was untimely and that A.R.S. § 12–341.01, which provides for the granting of attorneys' fees to the prevailing party in a contested contract action, does not apply to contracts created prior to the effective date of the statute.

Taking jurisdiction pursuant to 17A A.R.S., Rules of Civil Appellate Procedure, rule 19(e), we reverse the granting of a new trial.

Acumen alleges that because the summary judgment made no mention of attorneys' fees, the judgment was only partial and remained open until the court's minute entry of June 3. Moreover, because this minute entry did not constitute an entry of judgment as defined in 16 A.R.S., Arizona Rules of Civil Procedure, rule 58(a), the time requirements relating to new trials were inapplicable. Acumen contends, therefore, that its motion for a new trial was timely filed. We disagree.

■ Pursuant to 16 A.R.S., Arizona Rules of Civil Procedure, rule 54(b), in the absence of an express determination to the contrary, a judgment that decides less than all of the parties' claims for relief remains open and is subject to revision. For the purpose of rule 54(b), multiple claims exist if the factual basis for recovery states a number of different claims that could have been separately enforced. *Stevens v. Mehagian's Home Furnishings, Inc.,* 90 Ariz. 42, 365 P.2d 208 (1961). An award of attorneys' fees under A.R.S. § 12–341.01 was inextricably tied to the granting of Acumen's motion for summary judgment, thus constituting only one claim. Rule 54(b) is, therefore, inapplicable.

■ Acumen merely argues that the judgment remained open and does not specifically rely on rule 54(b) to support its contention. We, however, find no other plausible justification for holding that the judgment remained open and subject to revision. Because rule 54(b) does not apply, we, therefore, hold that the summary judgment was a final appealable determination of the case.

■ The legal operation and effect of a judgment must be ascertained by a construction of its terms. *Paxton v. McDonald,* 72 Ariz. 378, 236 P.2d 364 (1951). If possible, a construction will be adopted that supports the judgment, rather than one that destroys it. *Paxton, supra.* The granting of attorneys' fees to the prevailing party in a contested contract action is permissive. *Circle K Corp. v. Rosenthal,* 118 Ariz. 63, 574 P.2d 856 (App.1978). The language of A.R.S. § 12–341.01.A does not mandate that the trial court do so in all cases. The construction that supports the judgment in the instant case is that although the trial court granted Acumen's motion for summary judgment and awarded costs, it concluded that the granting of attorneys' fees was inappropriate.

If Acumen thought the judgment was not justified by the evidence or desired to amend it, a motion for new trial or a motion

to amend the judgment should have been filed. 16 A.R.S., Arizona Rules of Civil Procedure, rule 59(d), 59(*l*) and 52(b). Both motions *must* be filed within 15 days of the entry of judgment. *See, e. g., Matter of Estate of Balcomb*, 114 Ariz. 519, 562 P.2d 399 (App.1977). Because Acumen's motion for a new trial was filed some 35 days after formal judgment was entered, it was untimely. Because the motion was untimely we do not reach appellant's second contention.

The trial court's granting of the motion for new trial is reversed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.