NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

SCOTT JAY YOUNG,
*Petitioner/Appellee,*

*v.*

MONIQUE MARIE YOUNG,
*Respondent/Appellant.*

No. 1 CA-CV 17-0302 FC
FILED 5-17-2018

Appeal from the Superior Court in Yuma County
No. S1400DO201600901
The Honorable Roger A. Nelson, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Mary Katherine Boyte, PC, Yuma
By Mary K. Boyte Henderson
*Counsel for Petitioner/Appellee*

S. Alan Cook, PC, Phoenix
By S. Alan Cook
*Counsel for Respondent/Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Jennifer M. Perkins joined.

_____

**J O H N S E N**, Judge:

**¶1**          Monique Young ("Wife") appeals the distribution of property in her dissolution decree.  For the following reasons, we affirm the decree in part and vacate and remand in part.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**          Wife and Scott Young ("Husband") married in September 1999.  Over time, their community property came to include a home, several automobiles and two retirement accounts in Husband's name – a Federal Employee Retirement Systems account and a Thrift Savings Plan that was subject to favorable tax treatment.  As of June 2016, when Husband filed a petition for dissolution, the Thrift Savings Plan was valued at almost $316,000.  The couple also incurred debts including a credit card obligation, an auto loan and a mortgage on the home.

**¶3**          Wife was tardy for the commencement of the dissolution trial; after a delay, the court proceeded in her absence.  Wife eventually arrived, but before she did, Husband's counsel suggested to the court that if it divided the Thrift Savings Plan through a qualified domestic relations order, Wife might withdraw her share all at once, causing her to incur taxes and penalties.  Counsel suggested that to avoid that outcome, the court direct that the division of the Thrift Savings Plan be accomplished by ordering Husband to pay Wife $1,500 a month for 84 months.  At the close of the hearing, the court appeared to accept Husband's suggestion about how to divide the Thrift Savings Plan.  At the same time, the court rejected Wife's request for spousal maintenance:

> I have also reviewed or considered the request of [Husband] regarding financial issues in this case.  I do not believe – I do not find that spousal maintenance is appropriate, but I do find that the proposal to pay to [Wife] her share of the Thrift Savings Plan through monthly payments of $1500 a month for a period of seven years is appropriate.  I find that that is fair

under the circumstances. [Wife] will receive her share of that community property.

**¶4** The court then asked Husband's counsel to prepare the decree, which the court later entered. As submitted and as signed by the court, the decree awarded to Husband "[a]ll accrued benefits in Husband's Federal Thrift Savings Plan," but also stated that "[Husband] shall pay to [Wife] the sum of $1,500.00 per month *as and for spousal maintenance* for a period of eighty-four (84) months." (Emphasis added.)

**¶5** Wife timely appeals from the decree. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2018), -2101(A)(1) (2018) and 25-325(A) (2018).[1]

## DISCUSSION

**¶6** In a proceeding to dissolve a marriage, the superior court "shall assign each spouse's sole and separate property" and "shall also divide the community, joint tenancy and other property held in common equitably, though not necessarily in kind, without regard to marital misconduct." A.R.S. § 25-318(A) (2018). An equitable division "means just that – it is a concept of fairness dependent upon the facts of particular cases." *Kelly v. Kelly*, 198 Ariz. 307, 309, ¶ 8 (2000) (quoting *Toth v. Toth*, 190 Ariz. 218, 221 (1997)). All property acquired by each spouse during the marriage before service of the petition is community property except for property that was "[a]cquired by gift, devise or descent." A.R.S. § 25-211(A) (2018). "Likewise, all debt incurred by either spouse during marriage is presumed a community obligation." *In re Marriage of Flower*, 223 Ariz. 531, 535, ¶ 12 (App. 2010).

**¶7** As for spousal maintenance, the superior court "may grant a maintenance order for either spouse" upon finding one of four statutory grounds. A.R.S. § 25-319(A) (2018). Upon such a finding, the superior court may order spousal maintenance "in an amount and for a period of time as the court deems just, without regard to marital misconduct, and after considering all relevant factors, including" several listed in the statute. A.R.S. § 25-319(B); *see also Sherman v. Sherman*, 241 Ariz. 110, 114, ¶ 17 (App. 2016).

---

[1] Absent material revision after the relevant date, we cite the current version of a statute or rule.

¶8            We review the superior court's distribution of property and grant of spousal maintenance for abuse of discretion. *Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 523, ¶ 4 (App. 2007) (property); *Sherman*, 241 Ariz. at 114, ¶ 17 (maintenance).  The superior court abuses its discretion by committing an error of law or by making a discretionary ruling unsupported by the record. *Boyle v. Boyle*, 231 Ariz. 63, 65, ¶ 8 (App. 2012). We view the evidence in the light most favorable to upholding the superior court's ruling and will affirm if reasonable evidence supports it. *Boncoskey v. Boncoskey*, 216 Ariz. 448, 451, ¶ 13 (App. 2007).

¶9            We review the interpretation of a dissolution decree *de novo*. *Palmer v. Palmer*, 217 Ariz. 67, 69-70, ¶ 7 (App. 2007).  In interpreting a dissolution decree, we will apply general rules of construction.  *Cohen v. Frey*, 215 Ariz. 62, 66, ¶ 11 (App. 2007); *see In re Marriage of Zale*, 193 Ariz. 246, 249-50, ¶¶ 13-15 (1999).  Furthermore, we must construe the court's intention from all parts of the judgment, *Lopez v. Lopez*, 125 Ariz. 309, 310 (App. 1980), and, "[i]f possible, a construction will be adopted that supports the judgment, rather than one that destroys it," *Title Ins. Co. of Minn. v. Acumen Trading Co., Inc.*, 121 Ariz. 525, 526 (1979) (citing *Paxton v. McDonald*, 72 Ariz. 378 (1951)).  In other words, "[w]here a judgment is susceptible of two interpretations, that one will be adopted . . . which makes the judgment harmonize with the facts and law of the case and be such as ought to have been rendered." *Paxton*, 72 Ariz. at 383-84.

¶10           Wife argues the court denied her an equitable share of community property by awarding Husband the entirety of the Thrift Savings Plan.  She further contends that, to the extent the court intended to grant her a share of the Thrift Savings Plan by ordering Husband to make monthly spousal maintenance payments, the court erred because it may not award spousal maintenance to equalize an otherwise inequitable distribution of community property.  In support of this argument, Mother cites *Buttram v. Buttram*, 122 Ariz. 581, 582 (App. 1979).  On this point, *Buttram* was superseded by § 25-318(R), which states that "[i]f any part of the court's division of joint, common or community property is in the nature of child support or spousal maintenance, the court shall make specific findings of fact and supporting conclusions of law in its decree." *See* 2008 Ariz. Legis. Serv. Ch. 124 (S.B. 1112).  Nevertheless, the decree the court entered here lacks the appropriate findings of fact and conclusions of law necessary to divide community property in such a manner. *See* A.R.S. §§ 25-318(R), -319(A-B).

¶11           Husband asserts the decree mistakenly characterized the $1,500 payments as spousal maintenance and that the superior court

decided not to award any maintenance payments. He further contends the mandated monthly payments were an appropriate means of equitably dividing the Thrift Savings Plan. Husband argues the superior court did not abuse its discretion in dividing the community property, given that it also ordered him to pay the community debts, including a mortgage of $20,000 more than the value of the home. *See Miller v. Miller*, 140 Ariz. 520, 522 (App. 1984) ("[D]istribution need not be in kind or exactly equal, but must result in substantial equality.").

¶12        In response to Husband's contention that the monthly payments were intended as a means of distributing Wife's interest in the Thrift Savings Plan, Wife argues the payments did not constitute an equitable distribution of the community's interest in that account. She asserts that her share of the Thrift Savings Plan was worth at least $157,850 at the time Husband filed the dissolution petition, and that the monthly payments the court ordered paid over time will total only $126,000.

¶13        The record supports Husband's contention that the superior court did not intend to order the monthly $1,500 payments as spousal maintenance, but instead intended the payments as a means of distributing the community's interest in the Thrift Savings Plan. The court made no findings pursuant to § 25-319 in support of a spousal maintenance award; moreover, as noted, at the conclusion of the hearing, it stated it did "not find that spousal maintenance is appropriate."

¶14        Viewed as a means of distributing to Wife her share of the Thrift Savings Plan, however, the total of the monthly payments ordered to be paid over 84 months falls considerably short of an equal division of the monies in the plan at the time of trial. Apart from that shortfall, which is not insignificant, the monthly payments mandated in the decree are taxable to her, meaning that even if she were to deposit them in a newly created retirement plan, the sum of her cumulative deposits would be less than half of the account the court was charged with dividing. And she would lose a considerable amount of the cumulative appreciation in value of the monies in the Thrift Savings Plan during the 84-month payout period.

¶15        Husband contends that the differential between Wife's share of the Thrift Savings Plan and the total of the periodic payments is an equitable offset for his assumption of the community debt. But according to the pretrial statement Husband filed, he had agreed to accept the marital home and the associated mortgage, even while acknowledging the community's interest in the Thrift Savings Plan. Moreover, Husband's argument does not account for the fact that, by characterizing the monthly

payments as spousal maintenance, the decree allows him to deduct those payments for tax purposes, thereby exacerbating the unequal division of the account between Husband and Wife.

**¶16** As a general matter, "all marital joint property should be divided substantially equally unless sound reason exists to divide the property otherwise." *Toth*, 190 Ariz. at 221. Here, the superior court noted no "sound reason" in the decree to deny Wife a substantially equal share of the community's interest in the Thrift Savings Plan. Accordingly, we vacate and remand for reconsideration the court's distribution of the community's interest in the Thrift Savings Plan. At the same time, we direct the superior court to clarify whether Wife is entitled to an award of spousal maintenance and, if so, the amount of such award. *See* A.R.S. § 25-319.

**¶17** Wife also argues the superior court erred in failing to award her half the value of the vacation and personal-leave time Husband accrued during the marriage. We will not address that issue because she did not raise this argument in the superior court. *See Payne v. Payne*, 12 Ariz. App. 434, 435-36 (1970). The same is true with her contention on appeal that the court erred by not dividing unspecified community accounts. Nothing in this decision, however, precludes Mother from raising these issues in the superior court on remand.

## CONCLUSION

**¶18** For the foregoing reasons, we affirm the dissolution decree except that we vacate and remand, for further proceedings consistent with this decision, the portions of the decree addressing spousal maintenance and division of the Thrift Savings Plan. Based on the record, which shows that Husband has greater financial resources than Mother, and contingent on her compliance with Arizona Rule of Civil Appellate Procedure 21, we grant Wife her costs on appeal and her reasonable attorney's fees, pursuant to A.R.S. § 25-324(A) (2018).

