430 P.2d 102

Lupe P. RIVERA, Individually and as City Clerk of the City of Lordsburg, New Mexico, and Alan A. Koff, Individually and as Mayor of the City of Lordsburg, New Mexico, Plaintiffs-in-Error,

v.

C. V. NUNN, Jr., Warren D. White, Virgil Craddock, Guadalupe Q. Varela and Gildardo R. Renteria, Defendants-in-Error.

No. 8147.

Supreme Court of New Mexico.

July 17, 1967.

Standley, Kegel & Campos, Frank P. Dickson, Jr., Santa Fe, for plaintiffs in error.

OPINION

NOBLE, Justice.

Alan A. Koff and Lupe P. Rivera, as the Mayor and City Clerk of Lordsburg, New Mexico, have sued out a writ of error seeking review of an ex parte peremptory writ of mandamus requiring them to issue warrants payable to C. V. Nunn, Jr., Warren D. White, Virgil Craddock, Guadalupe Q. Varela and Gildardo R. Renteria, by reason of their claimed employment by the city for the months of March and April, 1966.

The petition before the district court alleged that petitioners were employees of the City of Lordsburg, and that they had performed the duties required of them, but had not been paid the compensation due them for their employment during the months of March and April, 1966, in the amounts reflected upon the records of the city clerk.

Section 22-12-7, N.M.S.A.1953, reads:

"When the right to require the performance of the act is clear, and it is apparent that no valid excuse can be given for not performing it, a peremptory mandamus may be allowed in the first instance; in all other cases the alternative writ shall be first issued."

 Under this statute, a peremptory writ of mandamus issued in an ex parte proceeding must contain allegations of all facts necessary to show that the right to require performance of the act sought is clear and that no valid excuse can be given for not performing it. Mora County Board of Education v. Valdez, 61 N.M. 361, 300 P.2d 943; Territory v. Board of County Comm'rs, 5 N.M. 1, 16 P. 855.

 The allegations of the petition in this case are not of facts or circumstances from which it can be ascertained, as a matter of law, that no valid excuse can be given for not performing the acts sought to be compelled. Issues of fact as to whether petitioners were, in fact, city employees, whether they had performed services, and the amount of pay, if any, to which they

were entitled, are all questions which could form the basis of a legal defense to the issuance of a writ of mandamus.

It follows that the issuance of an ex parte peremptory writ, under the circumstances here present, was erroneous requiring that the case be reversed and remanded with directions to vacate the peremptory writ of mandamus heretofore issued, and to proceed further in a manner not inconsistent with the views expressed herein.

It is so ordered.

CARMODY, J., and RICHARD A. STANLEY, District Judge, concur.