455 P.2d 838

GAVIN MALOOF & CO., New Mexico Selling Company, Richard Distributing Co., Southwest Distributing Company, State Distributors, Inc., and the Pecos Sales Company, corporations, Plaintiffs-Appellants,

v.

Turner W. BRANCH, Chief, Division of Liquor Control, New Mexico Bureau of Revenue, and Clinton Realty Company, Defendants-Appellees.

No. 8765.

Supreme Court of New Mexico.

June 23, 1969.

Adams & Vallentine, Albuquerque, for appellants.

James A. Maloney, Atty. Gen., Gary O. O'Dowd, Deputy Atty. Gen., Santa Fe, for New Mexico Bureau of Revenue.

Lynell G. Skarda, Clovis, for Clinton Realty Co.

OPINION

TACKETT, Justice.

This case is before us on an appeal by the plaintiffs as a result of District Court Judge James M. Scarborough's striking an amended alternative writ of mandamus and dismissing plaintiffs' action in Santa Fe County District Court Case No. 36205, Gavin Maloof & Co., et al., plaintiffs, v. H. E. Babcock, Jr., Chief, Division of Liquor Control, New Mexico Bureau of Revenue, defendant.

Unfortunately, the issue involved in this litigation has been unnecessarily lengthy in the courts of New Mexico. It will, therefore, be necessary to go into some detail in respect to this case.

In June 1964, Republic National Bank of Dallas, a National Banking Association and a Corporation, plaintiff, filed an action against Beaver Enterprises, Inc., a corporation, Leon Beaver, Ruth Beaver, and un-

known claimants of interest in the premises adverse to plaintiff, defendants, in Cause No. 16,103 in the District Court of Curry County, New Mexico. Plaintiff sought to foreclose a mortgage and security instruments on all of the Holiday Inn properties in Clovis, New Mexico. Plaintiffs-appellants in the instant case sought to intervene in the Curry County case claiming that, before Dispenser's Liquor License No. 1589 could be sold or transferred in the foreclosure sale, their unpaid liquor accounts must be paid. District Court Judge Kermit Nash presided by designation and, after a hearing, denied the petition to intervene. Thereafter, the foreclosure sale was concluded (including Dispenser's Liquor License No. 1589) and Clinton Realty Company bought the property at the foreclosure sale for $1,200,000.00. A deficiency judgment was entered in the sum of $307,614.47. After the trial court denied the petition in intervention, plaintiffs Maloof, et al. appealed to this court in Cause No. 7807. However, no supersedeas bond was posted and thereafter the Bank filed a motion to dismiss the appeal, which motion was granted without opinion, apparently on the basis of mootness in that no supersedeas bond had been filed. Mandate thereon was issued May 27, 1965.

On June 1, 1965, the intervenors-appellants in Cause No. 7807 filed Cause No. 36205 in the District Court of Santa Fe County against H. E. Babcock, Jr., Chief, Division of Liquor Control, New Mexico Bureau of Revenue, seeking to enjoin the transfer of Dispenser's Liquor License No. 1589 under an application for a writ of mandamus, in that general creditors of the original mortgagors had to be paid prior to the transfer of the license. After issuance of the writ of mandamus, Clinton Realty Company (an appellee in the instant case) applied to this court and obtained an alternative writ of prohibition against the district judge and the chief of the liquor control division.

In State ex rel. Clinton Realty Co. v. Scarborough, 78 N.M. 132, 429 P.2d 330 (1967), the alternative writ of prohibition was made permanent, which prohibited and restrained respondent from proceeding further in Cause No. 36205, in the District Court of Santa Fe County, except in conformity with that opinion, other than vacating the judgment.

Plaintiffs-appellants then obtained from the District Court of Santa Fe County in Cause No. 36205 an amended alternative writ of mandamus bringing Clinton Realty Company into the case. Clinton subsequently filed a motion to strike the amended alternative writ, which the court did, dismissing the action with prejudice.

We reiterate what this court said in State ex rel. Clinton Realty Co. v. Scarborough, supra, and hold that Clinton Realty Company is an indispensable party in the mandamus action in Cause No. 36205, Santa Fe County, and that the trial court was without jurisdiction to proceed in the absence of Clinton Realty Company. This meant that Clinton Realty Company had to be joined as a party before proceeding further, and did not mean to dismiss the action with prejudice.

State ex rel. Clinton Realty Co. v. Scarborough, supra, is controlling; therefore, the instant case is reversed and remanded to the District Court of Santa Fe County with instructions to reinstate the case on the docket and to proceed in a manner consistent with this opinion.

It is so ordered.

MOISE, COMPTON and WATSON, JJ., concur.

NOBLE, C. J., being out of State, not participating.