188

490 P.2d 234

GAVIN MALOOF & CO. et al., Plaintiffs-Appellants,

v.

David R. SIERRA, Director of the Department of Alcoholic Beverage Control, et al., Defendants-Appellees.

No. 9233.

Supreme Court of New Mexico.

Nov. 1, 1971.

Adams & Zeikus, O. R. Adams, Jr., Albuquerque, for plaintiffs-appellants.

Lynell G. Skarda, Clovis, for Clinton Realty.

David L. Norvell, Atty. Gen., Thomas L. Dunigan, Asst. Atty. Gen., Santa Fe, for Director, Dept. of Alcoholic Beverage Control.

OPINION

OMAN, Justice.

Plaintiffs sought a writ of mandamus ordering the Chief, Division of Liquor Control, now the Director, Department of Alcoholic Beverage Control, to refrain from transferring a liquor license until plaintiffs, wholesale liquor dealers, had been paid their respective claims for liquors sold to the licensee, or until satisfactory arrangements had been made by the licensee and plaintiffs for the payment of these claims. Their claim of right to the relief sought was predicated upon the following provision in § 46–5–15(B), N.M. S.A.1953 (Repl.Vol. 7, 1966):

"Licenses are assignable and transferable. * * * The transfer or assignment shall not be approved until the chief of division is satisfied that all creditors of the licensee in connection with the operation of the business have been paid or that satisfactory arrangements have been made between the licensee and the creditor for the payment of such debts."

The district court issued an alternative writ of mandamus, and subsequently en-

tered summary judgment in favor of plaintiffs. A permanent writ of prohibition then issued from this court by which the district court was restrained and prohibited from further proceeding until the defendant, Clinton Realty Company, was made a party to the district court proceedings. State ex rel. Clinton Realty Co. v. Scarborough, 78 N.M. 132, 429 P.2d 330 (1967).

Thereafter Clinton Realty Company was made a party to the mandamus proceedings in the district court, and that court then dismissed those proceedings with prejudice. Plaintiffs appealed and this court reversed and remanded for trial on the merits. Gavin Maloof & Co. v. Branch, 80 N.M. 334, 455 P.2d 838 (1969).

After a trial on the merits, the district court concluded that by reason of the sale of the liquor license to the Clinton Realty Company at a foreclosure sale conducted pursuant to order of the district court of Curry County the license became and now is the property of Clinton Realty Company, free and clear of all claims of plaintiffs; plaintiffs do not have and did not at any time have a lien of any nature on the license, but were only general creditors of the former licensee; and the Director, Department of Alcoholic Beverage Control, cannot properly and legally refuse to transfer a license to one who becomes the purchaser thereof at a judicial foreclosure sale on the ground that the former licensee had not paid the claims of unsecured creditors. Judgment was entered accordingly in favor of Clinton Realty Company and plaintiffs appealed. We affirm.

Plaintiffs attack the judgment under two separately stated points relied upon for reversal. However, their success in securing a reversal of the judgment is dependent upon the validity of their claims to a lien on or security interest in the license by reason of the above quoted language from § 46–5–15(B), supra. This court ruled contrary to plaintiff's position in State ex rel. Clinton Realty Co. v. Scarborough, supra, wherein it was stated:

"Thus, even though the legislature intended to provide protection for general creditors of a licensee by making payment of such claims a condition to approval by the liquor director of a voluntary transfer of a liquor license, the legislature authorized the creation of liens against such licenses by execution, attachment, security transactions, receivers and other means to which tangible personal property may be subject. It must be assumed these secured transactions are enforceable by foreclosure and carry a right to payment prior to that of general creditors. * * *"

The judgment should be affirmed.

It is so ordered.

COMPTON, C. J., and MONTOYA, J., concur.