618 P.2d 1226

**SHED INDUSTRIES, INC.,**
Plaintiff-Appellant,

v.

David KING et al., Defendants-Appellees,

v.

**The BANES COMPANY,**
Plaintiff-in-Intervention-Appellee.

No. 12833.

Supreme Court of New Mexico.

Aug. 11, 1980.

Anaya & Strumor, Robert M. Srumor, Santa Fe, for plaintiff-appellant.

Jeff Bingaman, Atty. Gen., Herbert Silverberg, Andrea Buzzard, Vernon Henning, Asst. Attys. Gen., Santa Fe, for defendants-appellees.

Sutin, Thayer & Browne, Kevin V. Reilly, Santa Fe, for plaintiff-in-intervention-appellee.

## OPINION

PAYNE, Justice.

The State of New Mexico, through its Department of Finance & Administration, let to bid a one year price agreement for the purchase of portable metal classroom buildings. Shed Industries submitted a base bid of $1,440,000.00 and the Banes Company submitted a bid of $1,474,820.00. The contract was to be awarded to the bidder with the lowest bid price. The bid instructions indicated that the base bid price was to be based on items A through D of the bid request. Due to an error in its bid preparation, Shed placed the costs for loading and unloading the buildings that should have been in items A through D into another section of its bid under item I. When the bids were opened and inspected the error was discovered by the state and the amount of the error was added to Shed's bid, raising its bid to $1,487,760.00. This caused Banes to be the low bidder and to receive the award. Shed brought suit in the lower court, contending that its bid was both low and responsible. Banes sought for and received permission to intervene. After a trial without a jury, the lower court entered judgment for the State and dismissed Shed's complaint. We affirm.

Two major issues are raised on appeal: (1) has Shed waived its right to have this Court review the lower court's finding of fact, and (2) was Shed the low and responsible bidder.

### I.

Shed challenges only the trial court's finding of fact no. 24. It is clearly established by case law that "findings that are not challenged are binding upon this Court on appeal." *Winrock Enter. v. House of Fabrics of N. M.*, 91 N.M. 661, 663, 579 P.2d 787, 789 (1978); *State ex rel. N. M.*

*Water Qual. C. C. v. City of Hobbs*, 86 N.M. 444, 525 P.2d 371 (1974). Therefore, all facts in findings one through 23 are considered admitted and are binding on this Court. There are unchallenged facts contained in findings one through 23 that are inconsistent with Shed's claim that it is the low and responsible bidder. There is also evidence in the record to show that Shed may have waived its right to challenge finding no. 24 because of its failure to file requested findings of fact and conclusions of law or to timely object to those of the court. *See Wagner Land and Investment Co. v. Halderman*, 83 N.M. 628, 495 P.2d 1075 (1972). Even if all the correct procedural steps had been followed by Shed, there is substantial evidence to support the trial court's finding that Shed was neither the low nor responsible bidder.

## II.

The contract is regulated by the Public Purchases Act, Sections 13–1–1 to 13–1–27, N.M.S.A.1978 (1979 Cum.Supp.). The Act states as a bid requirement "the central purchasing office shall purchase all materials and services by issuing purchase orders based on the lowest responsible bid . . ." § 13–1–11(A). Responsible bid is defined as "a written offer to furnish materials or services in conformity with standards, specifications, delivery terms and conditions and other requirements established by the user or central purchasing office." § 13–1–2(H). The Shed bid did not conform with the "standards, specifications . . . and conditions" of the request for bids in two regards. Shed failed to include costs for loading and unloading the portable buildings in its base bid price. Shed also failed to use state minimum wage standards in figuring its bid as called for in the bid request.

Shed argues that the misplaced building loading charges should not affect the responsibleness of its bid. It claims that it would be "obligated to perform the contract including loading charges for the base price of $1,440,000.00." It also asserts that the "erroneous addition of loading charges to item I by Shed in preparing its bid would not affect its base price nor give [it] any competitive advantage over the other bidders." We disagree.

The trial court found, and Shed concedes, that the loading costs should have been included in the bid price. The failure to include them in items A through D, on which the bid price was based, was not in conformity with the bid specifications. Had Shed been awarded the contract, it is not unreasonable to assume that the state would either have had to pay the loading charges or bring suit to force Shed to perform at the bid price. Either option would have resulted in raising the cost of the contract and defeating the goal of the Public Purchases Act to award the contract to the lowest responsible bidder. To allow bidders to hide costs in bids that are not reflected in their bid price would result in manipulations by bidders seeking to controvert the protections of the Public Purchases Act.

When the state defendants discovered the erroneously misplaced loading charges they sought to bring Shed's bid into conformity with the specifications of the bid request by adding the costs to Shed's bid price. This made the Shed bid, at least in regards to this irregularity, responsible; but it also raised Shed's bid price above that of Banes. If the loading costs were left where Shed erroneously placed them, then the bid was not responsible.

In failing to incorporate the state's public works minimum wage rates in its bid, Shed's bid again was not responsible. The trial court found the bid instructions required a successful bidder to adhere to Albuquerque's public works minimum wage rates, and that Shed did not incorporate them in its bid. There is substantial evidence to support these findings. The trial court was correct in its conclusion that Shed was neither the low nor the responsible bidder.

All other issues are moot.

We affirm.

IT IS SO ORDERED.

SOSA, C. J., and JAMES L. BROWN, District Judge, concur.