704 P.2d 79

**STATE of New Mexico ex rel. KNC, INC., a New Mexico corporation, Petitioner/Appellant,**

**v.**

**NEW MEXICO DEPARTMENT OF FINANCE AND ADMINISTRATION, PROPERTY CONTROL DIVISION; David King, Secretary of Finance and Administration; and Michael Trujillo, Director of the Property Control Division, Respondents/Appellees,**

**v.**

**MARECON, INC., Respondent-in-Intervention/Appellee.**

**No. 7665.**

Court of Appeals of New Mexico.

May 30, 1985.

Certiorari Denied July 18, 1985.

Stephen P. Comeau, Downes & Comeau, P.A., Albuquerque, for petitioner/appellant.

Paul G. Bardacke, Atty. Gen., Carolyn A. Wolf, Asst. Atty. Gen., Santa Fe, for respondents/appellees.

James J. Wechsler, Thomas M. Hnasko, Bruce R. Rogoff, Hinkle, Cox, Eaton, Coffield & Hensley, Santa Fe, for respondent-in-intervention/appellee.

### OPINION

MINZNER, Judge.

Petitioner KNC, Inc. appeals the district court's denial of its petition for writ of mandamus, by which petitioner in effect sought a determination that respondents had awarded a public works contract in violation of the Public Purchases Act, NMSA 1978, Sections 13–1–1 to –27 (Repl. Pamp.1983). Marecon, Inc., the party to whom the contract was awarded, was permitted to intervene in the action. We affirm.

Respondents, on behalf of the State of New Mexico, solicited sealed bids for a state office building in Santa Fe pursuant to the Act. Sealed bids were required because the project required a single purchase in an amount estimated to exceed five thousand dollars. *See* § 13–1–11(G). The Act required the State Purchasing Office to procure contracts by "purchase orders based on the lowest responsible bid when bids are required." Section 13–1–11(A).

The Act defined a "responsible bid" as "a written offer to furnish materials or services in conformity with standards, specifications, delivery terms and conditions and other requirements established by the user or central purchasing office." Section 13–

1–2(H). This appeal raises issues of first impression under the Act, which at the relevant time governed purchasing for state agencies. Since that time, the Act has been repealed and replaced by the Procurement Code. *See* NMSA 1978, §§ 13–1–28 to –199 (Supp.1984). On appeal petitioner contends that the trial court erred in concluding that respondents had discretion to determine Marecon had submitted the lowest responsible bid and that the exercise of discretion was neither arbitrary nor unlawful.

Respondents first solicited bids for the building in June 1983. Subsequently they issued addenda one through five, which modified or interpreted the original solicitation, to prospective bidders. One of the prospective bidders was Marecon. Following bid openings, Marecon protested the proposed award; it was the second lowest bidder. Respondents determined there were inconsistencies in the instructions, base bids, and alternative bids, and rejected all bids.

In soliciting new bids, respondents issued two new addenda, numbers six and seven, reflecting an expanded project. Addendum six contained a revised bid form and incorporated relevant portions of addenda one through five. Addendum seven contained miscellaneous information for the bidders, including a report on soil conditions.

On both bids, the bidding instructions required bidders to acknowledge receipt of addenda as provided by the bid form. The form states, "The Bidder acknowledges the receipt of the following addenda:" and a space is provided. No specific instructions accompany the statement or space; apparently bidders complete the blank by specifying the acknowledged addenda. Further, on both bids, the instructions reserved the right to reject any and all bids, to waive technicalities, and to accept the bid deemed to be in the public interest.

The rebids were opened at the State Purchasing Office on September 9, 1983. Marecon's lump sum bid was the lowest, at $11,198,000, and petitioner's was the next lowest, at $11,204,400. Although Marecon had acknowledged receipt of the addenda in the proper manner on its first bid, it left the space blank on its rebid. Another bidder had acknowledged receipt only of addenda six and seven.

At the bid opening, petitioner indicated that it would protest Marecon's bid for failure to acknowledge receipt of addenda. On September 9, after the bid opening, Marecon sent to the director of Property Control a mailgram and a letter, stating that it had considered all addenda. Neither the mailgram nor the letter was solicited by respondents.

Upon learning of the bid protest, the project architect made an investigation. He reviewed the bid documents, his internal office file, the bid abstracts, and Marecon's letter. The investigation satisfied the architect that Marecon had received and considered the addenda in making the bid. Consequently, the architect advised the director in writing that in his opinion the error was a minor technicality and respondents should award the contract to Marecon as the lowest bidder. The director agreed, and he recommended that award to the State Board of Finance.

The trial court found that the waiver gave no competitive advantage to Marecon. The court also found that Marecon did not manipulate or subvert the bidding process, nor did it hide costs. The trial court agreed with the director that the failure to acknowledge was a technical irregularity and that the director properly exercised his authority in waiving it.

The parties agree that the state must award the public works contract to the lowest responsible bidder. The parties do not dispute that Marecon received addenda six and seven and considered them in rebidding. Although the Public Purchases Act is silent on the question, the parties also agree respondents had discretion to waive a technical irregularity. They disagree, however, whether the failure to acknowledge the addenda is waivable or, if waivable, whether the director acted properly on the facts of this case.

Petitioner urges that we follow the guide of the federal government in defining the discretionary area within which respondents must act in evaluating bids. Under the relevant federal regulations, federal procurement officers may waive informalities or irregularities in bids, but a specific provision limits that power when the bidder has failed to acknowledge receipt of an amendment.

■ The relevant regulation provides: Examples of minor informalities or irregularities include:

\*      \*      \*      \*      \*      \*

(d) Failure of a bidder to acknowledge receipt of an amendment to an invitation for bids, but only if:

(1) The bid received clearly indicates that the bidder received the amendment, such as where the amendment added another item to the invitation for bids and the bidder submitted a bid thereon; or

(2) The amendment involves only , a matter of form or is one which has either no effect or merely a trivial or negligible effect on price, quantity, quality, or delivery of the item bid upon.

41 C.F.R. § 1–2.405 (1983). With limited exceptions, the federal regulations do not permit waiver of the requirement to acknowledge receipt of addenda in the prescribed manner. *See Charles N. White Construction Co. v. Department of Labor,* 476 F.Supp. 862 (N.D.Miss.1979).

■ We assume the experience of the relevant federal agency has led the agency to restrict the discretion of its procurement officers. *See generally* 1B J. McBride, *Government Contracts* § 10.100, at 10–341 (rev.1985). However, the scope of discretion available to federal procurement officers is not necessarily that which our legislature intended the relevant state officers to have under the Act. *See Martel Construction, Inc. v. Montana State Board of Examiners,* 668 P.2d 222 (Mont.1983).

Under the Act, the State Purchasing Office has authority to promulgate regulations governing "procedures for determining the lowest responsible bidder, and such other matters as the office deems desirable for the most efficient operation of the purchasing function." Section 13–1–14(B). Under the new Procurement Code, the state purchasing agent or central purchasing office may waive technical irregularities in the form of the bid or proposal of the low bidder or offerer which do not alter the price, quality, or quantity of the services, construction, or items of tangible personal property bid or offered. *Cf.* § 13–1–132. We are not aware of any state regulations comparable to the federal regulations. *Cf. The Model Procurement Code for State and Local Governments: Recommended Regulations* R3–202.13.4(a) (Aug. 1980).

*Shed Industries, Inc. v. King,* 95 N.M. 62, 618 P.2d 1226 (1980) implicitly recognized a broad discretionary power to determine the lowest responsible bid. In *Shed,* the state adjusted the lowest bid, in order to correct errors committed by the bidder which affected the price, and the resulting price was no longer the lowest bid. Consequently, the state awarded the contract to a different company. Although Shed Industries claimed that it would agree to be bound by its original bid, the supreme court noted that, had Shed Industries been awarded the contract, "it is not unreasonable to assume that the state would either have had to pay the loading charges or bring suit to force Shed to perform at the bid price." *Id.* at 63, 618 P.2d at 1227. Either possibility would raise the cost of the contract, and "[defeat] the goal of the Public Purchases Act to award the contract to the lowest responsible bidder." *Id.* Consequently, the supreme court affirmed the trial court's refusal to disturb the state's award.

■ The purposes of the Act are relevant in defining the officers' discretion. *See Ross v. State Racing Commission,* 64 N.M. 478, 330 P.2d 701 (1958). As the trial judge noted, the goal of the Act is "to secure for the citizens of the State of New Mexico, the materials and services desired in accordance with specifications and plans at the lowest responsible bid." The Act

also has a secondary purpose: to provide a "fair forum for contractors desiring to undertake public projects and, through such a forum, protection for the public that such work will be let to responsible bidders at the best available price." *J.J. Welcome & Sons Construction Co. v. State*, 6 Wash. App. 985, 990, 497 P.2d 953, 957 (1972). By providing a fair forum for bidding, the state helps ensure that the public receives the benefits to be derived from competitive bidding. *See id.*

■ We hold that the state's discretion under the Act encompasses not only a determination of which bid was the lowest responsible one, but also a determination of whether a failure to comply with bid requirements has affected the price. The latter determination, as illustrated by *Shed*, may be essential in determining which bid is the lowest. That determination ordinarily would be made in the course of determining the lowest responsible bid.

Petitioner argues that to permit respondents to conduct an investigation on these facts, rather than requiring them to reject the non-conforming bid, jeopardizes the fairness of the forum. There was evidence at trial that supports the argument. Experts testified that the non-acknowledging bidder would have an opportunity to "slant [its] answer to [the] best advantage." There was other expert testimony that a non-acknowledging bidder, if awarded the contract, would be in a position to ask for a change order.

The federal rule is designed to avoid such problems. *See Charles N. White Construction Co. v. Department of Labor*. Under the federal regulations, the failure to acknowledge addenda is a substantive defect subject to special rules. *Cf. The Model Procurement Code for State and Local Governments* § 3–202(6) commentary (3), at 20 (Feb. 1979) ("[a]n otherwise low bidder should be permitted to correct a material mistake of fact in its bid * * * when the intended bid is obvious from the bid document or is otherwise supported by proof that has evidentiary value").

■ Absent more specific restriction by the legislature or regulations, we decline to judicially limit the state's discretion; we are not persuaded that less discretion is either in the public interest or necessary to advance the goals of the Act. Although the failure to acknowledge addenda might evidence failure to consider them, such an error might also be an oversight. Given the purposes of the Act, the appropriate test ought to permit recognition and waiver of an oversight. We hold the test for determining materiality is whether the bidder received a substantial advantage or benefit not enjoyed by other bidders. *See Farmer Construction Ltd. v. State*, 98 Wash.2d 600, 656 P.2d 1086 (1983). Such a test balances the interest of the public in the lowest possible price against the interests of bidders in a fair forum. Under such a test, respondents had discretion to waive lack of acknowledgment.

■ Mandamus lies only to force a clear legal right against one having a legal duty to perform an act and where there is no other plain, speedy, and adequate remedy in the ordinary course of law. *El Dorado at Santa Fe, Inc. v. Board of County Commissioners of Santa Fe County*, 89 N.M. 313, 551 P.2d 1360 (1976). Ordinarily, the exercise of discretionary power or performance of a discretionary duty cannot be controlled by mandamus. *State ex rel. Bird v. Apodaca*, 91 N.M. 279, 573 P.2d 213 (1977).

■ There was testimony that respondents on other occasions had permitted low bidders to acknowledge receipt of addenda after the bids had been opened. There is no convincing evidence that Marecon was not bound by its bid, despite the failure to acknowledge receipt. Under these circumstances, respondents' decision to review Marecon's bid gave Marecon no relevant advantage. *See R.W. Rhine, Inc. v. City of Tacoma*, 13 Wash.App. 597, 536 P.2d 677 (1975). *Cf. Terminal Construction Corp. v. Atlantic County Sewerage Authority*, 67 N.J. 403, 341 A.2d 327 (1975). *See generally The Model Procurement Code for State and Local Governments, supra,*

§ 3–202(6) ("[a]fter bid opening no changes * * * prejudicial to the interest of the [State] or fair competition shall be permitted").

■ The remaining question is whether respondents properly exercised their discretion. In reviewing Marecon's bid, respondents made an investigation reasonably designed to identify a genuine oversight. As a result of that investigation, they determined that Marecon's failure to acknowledge receipt did not affect the price at which it had bid. That determination rested on a finding that Marecon had received and considered the addenda. The trial court also found that Marecon had received and considered all addenda. If that decision is supported by substantial evidence, we should sustain it. *New Mexico Bus Sales v. Michael,* 68 N.M. 223, 360 P.2d 639 (1961).

■ In this case, the bidder's mailgram and letter were only part of the evidence available to respondents when they decided to waive the irregularity. The architect relied on evidence in his office that Marecon had recieved the addenda. In fact, the architect believed his office had hand-delivered the addenda. Further, addendum six had contained a new bid form, which Marecon used in submitting its rebid. Addenda six and seven were distributed at the same time. In addition, the architect made an evaluation of the bid's contents, which included comparing it with other bids. Based on that evaluation, he concluded Marecon had considered both addenda in making the bid.

Under these circumstances, there was sufficient evidence from an independent source to support a determination that Marecon had received and considered the two addenda. *Cf. Charles N. White Construction Co. v. Department of Labor.* Since Marecon considered the addenda, failure to acknowledge receipt can only be an oversight.

■ The trial judge acted correctly in evaluating respondents' decision to see whether it was arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law. *See Sanderson v. New Mexico State Racing Commission,* 80 N.M. 200, 453 P.2d 370 (1969). *Cf.* § 13–1–183(B) (all determinations under the Procurement Code made by a state agency or a local public body shall be sustained unless arbitrary, capricious, contrary to law, clearly erroneous, or not based upon substantial evidence). The appellate issue is whether he erred in affirming the decision. For the reasons stated above, we hold he did not.

Mandamus is not proper here because Marecon is the lowest responsible bidder pursuant to respondents' discretionary authority to determine and to waive the requirement at issue. The decision below should be affirmed. Petitioner shall bear the appellate costs. Although Marecon has requested attorney fees, that request is denied for lack of statutory authority. *Alber v. Nolle,* 98 N.M. 100, 645 P.2d 456 (Ct.App.1982).

IT IS SO ORDERED.

DONNELLY, C.J., and HENDLEY, J., concur.