831 P.2d 603

**CONCERNED RESIDENTS FOR NEIGHBORHOOD INC., et al., Petitioners–Appellees,**

v.

**RAY SHOLLENBARGER, Director, Alcohol and Gaming Division of the Mew Mexico Division of Licensing and Regulation, Respondent–Appellant,**

v.

**OLD TOWN LIQUOR SHOPPE, INC., Real Party in Interest–Appellant.**

No. 10932.

Court of Appeals of New Mexico.

Sept. 10, 1991.

Nancy Augustus, Albuquerque, for petitioners-appellees.

Henry F. Narvaez, Keleher & McLeod, P.A., Albuquerque, Lorenzo F. Garcia, Elizabeth Woldman, Jones, Snead, Wertheim, Rodriguez & Wentworth, P.A., Santa Fe, for real party in interest-appellant Old Town Liquor Shoppe, Inc.

Tom Udall, Atty. Gen., Linda R. Bonnefoy, Asst. Atty. Gen., Santa Fe, for respondent-appellant Ray Shollenbarger.

## OPINION

BIVINS, Judge.

Appellants Shollenbarger, as Director of the Alcohol and Gaming Division of the New Mexico Department of Regulation and Licensing (director), and Old Town Liquor Shoppe, Inc. (the shoppe) appeal from a writ of mandamus entered by the district court prohibiting the director from transferring a liquor license. On appeal, the director and the shoppe raise three issues: 1) whether the district court erred in the issuance of a writ of mandamus; 2) whether the district court erred in allowing the presentation of additional evidence at the mandamus hearing; and 3) whether whole record review of the administrative proceedings compels affirmance of the administrative hearing officer's decision. We reverse the district court.

## FACTS

The shoppe filed an application to transfer the location of its liquor license to a new location in Albuquerque's northeast heights. Concerned Residents for Neighborhood, Inc. (the residents) opposed the transfer of the license on several grounds. One of those grounds was that the liquor license would be located less than three hundred feet away from the Sweetheart Day Care Center (day care) which the residents contended is a school.

In September of 1987, the Alcohol and Gaming Division of the New Mexico Division of Licensing and Regulation (the division) conducted a public hearing on the proposed transfer to determine whether preliminary approval or disapproval should be given. The division is charged with the enforcement of the state's Liquor Control Act, NMSA 1978, Sections 60–3A–1 through 60–8A–19 (Repl.Pamp.1987 and Cum.Supp.1990). At that hearing, the residents presented evidence in support of its claim that day care was a school. Based on the evidence presented at the hearing, the division's hearing officer determined

that there was no evidence that the transfer of the license would be detrimental to the health, safety, or morals of the community. The hearing officer also determined that day care was not a school within the meaning of the state liquor regulations. This finding was based on day care's lack of certification and accreditation. As a result of the hearing officer's findings, the director gave preliminary approval for the license transfer.

Notice of the director's preliminary approval was given to the City of Albuquerque (the city). Thereafter, the city conducted an administrative hearing in accordance with its applicable ordinances. The city's hearing officer likewise determined that the transfer would not be detrimental to the community's health, safety, and morals and that day care was not a school. The city's hearing officer also concluded that the license should be transferred. At that point, the residents filed suit (suit 1) against the director, the city and its hearing officer, and the city counsel. This suit sought a writ of prohibition, a writ of certiorari, and an appeal under the applicable city ordinance. The director moved for dismissal from suit 1 on the grounds of improper venue since at that time statutory law required that suits against state officers be brought only in the county where their offices are located. The district court dismissed the director as a party to suit 1 on that basis. The district court further issued an alternative writ of prohibition against the city's hearing officer from approving the transfer of the license. Notwithstanding, the director approved the transfer of the license.

A new venue statute later was enacted authorizing the bringing of suits against state officers in the county where the dispute arose. As a result, the residents moved to have the director joined as a party in suit 1. The shoppe then moved to dismiss suit 1 on the grounds that the director, a necessary party, had previously been dismissed from the suit. In an effort to avoid dismissal of suit 1, the residents filed a second law suit (suit 2) against the director only and then moved to have suits

1 and 2 consolidated. In suit 2, the residents sought a writ of prohibition and review and, in the alternative, a writ of certiorari. The district court dismissed suit 1 without prejudice on the grounds that the director could not be joined in the suit. The residents proceeded only with suit 2 against the director on the basis that he was the only one who could afford them complete relief since he had already approved the license transfer.

At the hearing on suit 2, the residents orally moved to amend their pleadings to seek a writ of mandamus. There was no objection and the motion was granted. Also at that hearing, the residents sought to present new evidence. The shoppe objected, arguing that the hearing should be limited to the administrative record. The residents, however, had failed to provide the district court with the complete record of the previous administrative proceedings. Nevertheless, the district court allowed the presentation of new evidence by the residents concerning whether day care was a school.

The district court found that, since there was no statutory appeal from a transfer of the location of a liquor license, the residents had no adequate remedy at law and, therefore, a writ of mandamus was proper. Contrary to the findings of fact made by the director and the city, the district court found that day care was a school. Lastly, the district court found that the director did not act within the scope of his authority in approving the license transfer and issued a writ of mandamus requiring the director to disapprove the license transfer. The writ was stayed pending this appeal.

## DISCUSSION AND ANALYSIS

The director and the shoppe argue that the district court erred in issuing the writ of mandamus. The residents contend that the issuance of the writ was proper because the director had a nondiscretionary duty to disapprove the transfer of the liquor license. The residents contend that the director's nondiscretionary duty to disapprove the transfer arises because day care is a school located within three hun-

dred feet of the shoppe. *See* § 60–6B–10. Furthermore, the residents argue that the director's and the shoppe's argument focuses on procedural matters in order to avoid the merits of this case. We do not agree.

 Mandamus lies to compel the performance of a ministerial duty that one charged with its performance has refused to perform. *See State ex rel. Reynolds v. Board of County Comm'rs*, 71 N.M. 194, 376 P.2d 976 (1962).

> The act to be compelled must be ministerial, that is, an act or thing which the public official is required to perform by direction of law upon a given state of facts being shown to exist, regardless of his own opinion as to the propriety or impropriety of doing the act in the particular case.

*Lovato v. City of Albuquerque*, 106 N.M. 287, 289, 742 P.2d 499, 501 (1987). Additionally, Mandamus lies to enforce a clear legal right against one having a legal duty to perform an act and where there is no other plain, speedy, and adequate remedy in the ordinary course of the law. *State ex rel. KNC, Inc. v. New Mexico Dep't of Fin. & Admin., Property Control Div.*, 103 N.M. 167, 704 P.2d 79 (Ct.App.1985). In this case, mandamus was improper for two reasons: because residents were essentially requesting a review on the merits rather than compelling the director to perform a ministerial act that he was required to perform, and because an adequate remedy at law was available. We first address the purpose of mandamus in light of the facts at bar, to establish that a writ of certiorari, not mandamus, is the appropriate vehicle for review where it is alleged that an inferior court or tribunal proceeded improperly. Concluding that a writ of certiorari is appropriate, its availability further precludes issuance of a writ of mandamus.

Hearing officers from both the division and the city held hearings and determined that day care was not a school and that the transfer of the license would not be detrimental to the health, safety, and morals of the community and, therefore, approved the transfer of the license. Thereafter, the director was required to approve the trans-

fer and, in fact, did so. *See* NMSA 1978, § 60–6B–4(I) (Repl.Pamp.1987 and Cum. Supp.1990). In light of the action by the director, the district court was not faced with a situation in which the director refused to perform a ministerial act which he was required to perform. Therefore, the issuance of the writ of mandamus was improper. *See State ex rel. Reynolds v. Board of County Comm'rs.*

The residents contend that *Gavin Maloof & Co. v. Branch,* 80 N.M. 334, 455 P.2d 838 (1969), provides precedent for a writ of mandamus being a proper remedy in a liquor license transfer case. However, the writ of mandamus in that case was for the purpose of compelling the chief of the Division of Liquor Control to ensure that all of the creditors of the licensee were paid prior to approving the transfer. A statutory provision specifically required the chief to ensure payment to such creditors prior to transference. *See State ex rel. Clinton Realty Co. v. Scarborough,* 78 N.M. 132, 429 P.2d 330 (1967). Therefore, mandamus was a proper remedy in that case since it was an attempt to compel the chief to perform a ministerial act which the law statutorily required him to do. *See State ex rel. Reynolds v. Board of County Comm'rs.* However, the case at hand is distinguishable since the director already performed the ministerial act which he was required to do. Rather, the residents sought the writ of mandamus in what amounts to a review of the propriety of the director's action. In light of this distinction, we find the residents' reliance on *Gavin Maloof & Co.* unpersuasive.

■ After hearing additional evidence, the district court found that day care was a school, a finding contrary to the determination by both the division's and the city's hearing officers. If issues of fact are raised, then mandamus should not issue, since it is only a method by which an existing right is enforced. *See Rivera v. Nunn,* 78 N.M. 208, 430 P.2d 102 (1967); *State ex rel. State Highway Comm'n v. Quesenberry,* 72 N.M. 291, 383 P.2d 255 (1963). The rights of the parties may not be adjudicated by mandamus. *See State ex rel.*

*Black v. Aztec Ditch Co.,* 25 N.M. 590, 185 P. 549 (1919). Since the residents raised a factual issue concerning whether day care was a school, the district court erred in issuing a writ of mandamus.

■ Moreover, since the proceedings amounted to a review of the propriety of the director's action, the district court's review should have been limited solely to the administrative record. *See Swisher v. Darden,* 59 N.M. 511, 287 P.2d 73 (1955); *see also Rowley v. Murray,* 106 N.M. 676, 748 P.2d 973 (Ct.App.1987). The residents attempt to distinguish *Swisher* by arguing that its holding was dependent on statutory language not present in this case. However, our reading of *Swisher* indicates that the particular statute involved was of little consequence to the decision and what was of consequence were general principles regarding judicial review of administrative action. Lastly, to allow the district court to hear new evidence and make independent findings of fact contrary to those made by the administrative agency would mean ignoring well established precedent dealing with whole record review of administrative decisions. *See Tallman v. ABF (Arkansas Best Freight),* 108 N.M. 124, 767 P.2d 363 (Ct.App.1988). Based on the nature of the remedy of mandamus, as discussed above, as well as the fact that this appeal involves a review of an administrative agency's action, the residents are incorrect in arguing that the real issue in this case is the status of day care.

The director and the shoppe argue that the residents' proper remedy was a writ of certiorari to the district court and rely on *Durand v. New Mexico Comm'n on Alcoholism,* 89 N.M. 434, 553 P.2d 714 (Ct.App. 1976), as support. In *Durand,* the plaintiff was dismissed by the commission on alcoholism and the state personnel board sustained the dismissal. The plaintiff then filed a notice of appeal seeking review of the final order. This court dismissed the appeal for lack of subject matter jurisdiction since neither the personnel board nor the commission were under the Administrative Procedures Act. Plaintiff then filed a motion for reconsideration since the per-

sonnel act did not specify how to appeal from a decision of the board. This court disagreed with plaintiff that it had jurisdiction over administrative appeals and concluded that the proper remedy was a writ of certiorari to the district court. The residents' attempts to distinguish *Durand* are not convincing. As noted in the reply brief, the rationale in *Durand* focuses on the appropriate vehicle for review, not the appropriate judicial forum.

■ Writs of certiorari are proper whenever it is shown that the inferior court or tribunal has proceeded illegally, and no appeal is allowed or other mode provided for reviewing its proceedings. *Albuquerque Nat'l Bank v. Second Judicial Dist. Court,* 77 N.M. 603, 426 P.2d 204 (1967). In light of the fact that the director granted the requested transfer of the license, when the residents alleged that it was improper to do so, a writ of certiorari was the proper course of action for the residents to take. *See Albuquerque Nat'l Bank v. Second Judicial Dist. Court.* By pursuing a writ of certiorari, the residents could have properly presented their arguments concerning their contention that the director erred in transferring the license. Because residents had an adequate remedy at law, a writ of mandamus was not available. *See State ex rel. KNC, Inc. v. New Mexico Dep't of Fin. & Admin., Property Control Div.*

However, a review of the record reveals that the residents abandoned their request for such a writ. Originally, the residents filed a petition for a writ of prohibition and for review, or, in the alternative, for writ of certiorari. However, during the hearing on their petition, the residents moved to amend their petition to seek a writ of mandamus. The fact that the residents abandoned all of their theories for relief except mandamus is also shown by their requested findings of fact and conclusions of law. Since the remedy of certiorari was available and appropriate under the facts of this case, we do not agree with resident's argument that mandamus was the only remedy available to contest the transfer. *See El-*

*linwood v. Morales,* 104 N.M. 243, 719 P.2d 821 (Ct.App.1986).

Since the residents could have pursued relief by seeking a writ of certiorari, we also do not agree with their argument that the mandatory duty of the director to approve the hearing officers' determination leads to absurd results by allowing the hearing officers unfettered discretion in the granting of license transfers. On the contrary, a petition for a writ of certiorari acts as a check on the propriety of the division's actions with respect to license transfers. Thus, since certiorari is available, we do not agree with the residents that mandamus is a proper remedy in this case. *See State ex rel. KNC, Inc. v. New Mexico Dep't of Fin. & Admin., Property Control Div.*

■ Finally, the residents argue that, even if mandamus is not the proper remedy, a review of the record under a petition for certiorari sustains the district court's decision. First, this argument ignores the fact that the record reveals that the residents abandoned their petition for certiorari. Second, this argument also ignores the basic concepts behind whole record review. Whole record review involves a review of all of the evidence to determine whether there is substantial evidence to support the result. *See Tallman v. ABF (Arkansas Best Freight).* Evidence was presented to the hearing officers showing that day care is not an accredited institution and that its employees and owner are not licensed teachers. There was also evidence showing that day care was licensed by the New Mexico Health and Environment Department to operate and maintain a child care center. Based on this, there was substantial evidence to support the conclusion that day care was not a "school" for the purposes of a liquor license transfer. *See* New Mexico Liquor Regulations No. 6B–10.(B) (1984). Since the determination of the status of day care was in the context of the liquor license regulations, we do not find the residents' reliance on *Strosnider v. Strosnider,* 101 N.M. 639, 686 P.2d 981 (Ct.App.1984), persuasive. Additionally, we accord substantial weight to the divi-

sion's interpretation of the Liquor Control Act. *See Klumker v. Van Allred,* 112 N.M. 42, 811 P.2d 75 (1991); *State ex rel. Battershell v. City of Albuquerque,* 108 N.M. 658, 777 P.2d 386 (Ct.App.1989). The residents' reliance on other evidence to support a finding contrary to that of the hearing officers is of no consequence. *See Tallman v. ABF (Arkansas Best Freight); see also In re Application of Plains Elec. Generation & Transmission Coop., Inc.,* 106 N.M. 775, 750 P.2d 475 (Ct.App.1988) (finding of agency considered strong evidence).

Based on the above, we reverse the district court and remand this case with instructions that the district court quash its writ of mandamus prohibiting transfer of the liquor license.

IT IS SO ORDERED.

APODACA and CHAVEZ, JJ., concur.